UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GINA HERNDON,<br><br>           Plaintiff,<br>v.<br><br>UNITED STATES ARMY,<br><br>           Defendant. | Civil No. 10cv1479 JAH(CAB)<br><br>ORDER *SUA SPONTE* DISMISSING COMPLAINT WITHOUT PREJUDICE; AND DENYING PLAINTIFF'S MOTION FOR APPOINTMENT OF COUNSEL [DOC. # 2] AND MOTION TO PROCEED *IN FORMA PAUPERIS* [DOC. # 3] AS MOOT |

      Plaintiff, a non-prisoner appearing *pro se*, filed the instant complaint on July 16, 2010, along with a motion to proceed *in forma pauperis* and a motion for appointment of counsel. All parties instituting any civil action, suit or proceeding in a district court of the United States, except an application for writ of habeas corpus, must pay a filing fee of $350. *See* 28 U.S.C. § 1914(a). An action may proceed despite a plaintiff's failure to prepay the entire fee only if the plaintiff is granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915(a). *See* Rodriguez v. Cook, 169 F.3d 1176, 1177 (9th Cir. 1999).

      Notwithstanding payment of any filing fee or portion thereof, a complaint filed by any person seeking to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915(a) is subject to a mandatory and *sua sponte* review and dismissal by the court to the extent it is "frivolous, malicious, failing to state a claim upon which relief may be granted, or seeking monetary relief from a defendant immune from such relief." 28 U.S.C. § 1915(e)(2)(B);

1  Calhoun v. Stahl, 254 F.3d 845, 845 (9th Cir. 2001) ("[T]he provisions of 28 U.S.C.
2  § 1915(e)(2)(B) are not limited to prisoners."); Lopez v. Smith, 203 F.3d 1122, 1126-27
3  (9th Cir. 2000) (en banc). 28 U.S.C. § 1915(e)(2) mandates that the Court reviewing a
4  complaint filed pursuant to the *in forma pauperis* provisions of Section 1915 make and rule
5  on its own motion to dismiss before directing that the complaint be served by the U.S.
6  Marshal pursuant to Fed. R. Civ. P. 4(c)(2).  Lopez, 203 F.3d at 1127.

7       As currently plead, it is clear that plaintiff's complaint fails to state a claim upon
8  which relief can be granted.  The standard used to evaluate whether a complaint states a
9  claim is a liberal one particularly when the action has been filed *pro se*.  See Estelle v.
10 Gamble, 429 U.S. 97, 97 (1976).  However, even a "liberal interpretation ... may not
11 supply elements of the claim that were not initially pled."  Ivey v. Bd. of Regents of the
12 Univ. of Alaska, 673 F.2d 266, 268 (9th Cir. 1982).  "[P]ro se litigants are bound by the
13 rules of procedure."  Ghazali v. Moran, 46 F.3d 52, 54 (9th Cir. 1995).  Rule 8 of the
14 Federal Rules of Civil Procedure provides that "[a] pleading that states a claim for relief
15 must contain ... a short and plain statement of the claim showing that the pleader is
16 entitled to relief ..." Fed.R.Civ. P. 8(a).  "[A] plaintiff's obligation to provide the grounds
17 of [her] entitlement to relief requires more than labels and conclusions, and a formulaic
18 recitation of the elements of a cause of action will not do."  Bell Atlantic Corp. v.
19 Twombly, 550 U.S. 544, 555 (2007)(quotation omitted).

20      Here, plaintiff's complaint consists of a single paragraph which states:

21      I was speaking to an officer regarding the probable development of laser
     technology and he called the cops on me.  They illegally searched by room
22      and caused an emotional breakdown.  I was hospitalized in an unsanitary
     environment.
23

24 Compl. at 1.

25      This Court finds these allegations are insufficient to put defendant on notice of the
26 claims against it, as required by Rule 8 of the Federal Rules of Civil Procedure. Therefore,
27 this Court finds the complaint fails to state a claim upon which relief may be granted.
28 Accordingly, the instant complaint must be *sua sponte* dismissed pursuant to Section

1915(e)(2)(B). Because the complaint must be dismissed, plaintiff's motion to proceed *in forma pauperis* and request for appointment of counsel are moot.

Based on the foregoing, IT IS HEREBY ORDERED that:

1. The instant complaint is *sua sponte* **DISMISSED** without prejudice for failure to state a claim upon which relief may be granted;
2. Plaintiff's motion to proceed *in forma pauperis* is **DENIED** as moot; and
3. Plaintiff's request for appointment of counsel is **DENIED** as moot.

DATED: July 26, 2010

JOHN A. HOUSTON
United States District Judge